IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:18-CR-0145-LMM |
| REYNALDO GONZALEZ-ARREOLA, | : | |
| | : | |
| Defendant. | : | |

# ORDER

This case comes before the Court on the Magistrate Judge's Report and Recommendation ("R&R") [71], recommending that Defendant's Motions to Suppress [45, 56] be denied. Pursuant to 28 U.S.C. § 636(b)(1), Defendant filed Objections to the R&R [73]. After due consideration, the Court enters the following Order:

## I. LEGAL STANDARD

Under 28 U.S.C. § 636(b)(1), the Court reviews the Magistrate's Report and Recommendation for clear error if no objections are filed to the report. 28 U.S.C. § 636(b)(1). If a party files objections, however, the district court must determine *de novo* any part of the Magistrate Judge's disposition that is the subject of a proper objection. Id.; Fed. R. Crim. P. 59(b)(3). As Defendant filed objections, the Court reviews the Magistrate Judge's challenged recommendations on a *de novo* basis. 28 U.S.C. § 636(b)(1). The Court will consider the objections in turn.

## II. DISCUSSION

Defendant argues he is entitled to a Franks hearing because he has sufficiently proved that the Government intentionally, or with reckless disregard for the truth, misrepresented in the Russell Affidavit that *Defendant* received $4,000 from an undercover officer ("UC") when all parties admit it was the *UC* who received $4,000 from Defendant along with a duffel bag, which was found to contain 15.2 kilograms of methamphetamine. Obj., Dkt. No. [73] at 1-2. Defendant contends that because the DEA-6 Report, authored by Special Agent Russell, does not contain any reference to Defendant receiving $4,000 from the UC, his motion satisfies his Franks burden to produce evidence regarding Russell's intent. Defendant also complains that Special Agent Russell should have made it more clear from what he learned in recorded phone calls that Defendant agreed to deliver a "suitcase."

However, for the reasons stated by the Magistrate Judge, the Court **OVERRULES** Defendant's Objection and **ADOPTS** the R&R. Defendant's argument is essentially supposition. Just because another report does not include a fact is not proof that a misrepresentation's inclusion elsewhere was intentional or reckless. Defendant has not shown anything more than negligence. See Franks v. Delaware, 438 U.S. 154, 171 (1978) ("To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations

must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient.").

And the Court notes that the DEA-6 Form, as far as the Court can determine, does not mention any payments, even though Defendant concedes that *he* paid the UC $4,000 during the event summarized in that report. DEA-6, Dkt. No. [45-2] at 27-29. The DEA-6, without more, is insufficient to establish Special Agent Russell's intent for <u>Franks</u> purposes. The Court also finds that the calls likewise do not address Special Agent Russell's intent in that Defendant did deliver a suitcase; it was a duffel bag.

Second, Defendant argues that the Magistrate Judge erred in finding that even with excluding the misrepresentation, probable cause existed to search his home. However, the Court likewise **OVERRULES** this Objection for the reasons stated by the Magistrate Judge. <u>See</u> R&R, Dkt. No. [71] at 10-21. The affidavit outlines a fair probability that evidence of drug conspiracy would be found at Defendant's home.

### III. CONCLUSION

The R&R [71] is **ADOPTED** as the Order of this Court, and Defendant's Objection to the R&R [73] is **OVERRULED**. Defendant's Motions to Suppress [45, 56] are **DENIED**.

The trial in this action is hereby set to begin on Monday, December 10, 2018 at 9:30 A.M. in Courtroom 2107. The pretrial conference will be held on Thursday, December 6, 2018 at 2:00 P.M. in Courtroom 2107. By noon on Tuesday, November 27, 2018, the parties are to file the following: motions *in limine* and proposed *voir dire* questions. By noon on Tuesday, November 27, 2018, the Government must file a brief summary of the indictment that the parties can rely on for *voir dire*. By noon on Tuesday, December 4, 2018, the parties are to file responses to motions *in limine* and any objections and to those items listed above.

Excludable time is allowed through December 10, 2018, pursuant to 18 U.S.C. § 3161 (h)(7)(A) and (B)(iv), to give counsel for Defendant and the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The Court finds that the ends of justice served outweigh the best interest of the public and the Defendant in a speedy trial and are consistent with both the best interest of the public and individual justice in this matter.

**IT IS SO ORDERED** this 7th day of November, 2018.

_____
**Leigh Martin May**
**United States District Judge**